IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BALTIMORE FLIPS ISRAEL 2020 LLC,
*et al.*,

    Plaintiffs,

    v.

CHANANEL YOSEF, *et al.*,

    Defendants.

Case No.: 1:24-cv-01442-JRR

DEFENDANTS CHANANEL AND AVI YOSEF'S
MEMORANDUM IN SUPPORT OF
<u>MOTION TO DISMISS</u>

    Defendants, Chananel and Avi Yosef (collectively, the "**Yosefs**"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 12(b)(7), hereby file this Memorandum in Support of their Motion to Dismiss the Amended Complaint (the "**Amended Complaint**") (Doc. 32) filed by Plaintiffs, Baltimore Flips Israel 2020 LLC ("**Baltimore 1**"), Nofim LLC ("**Nofim**"), Baltimore Flips Israel 2 LLC ("**Baltimore 2**"), Baltimore Flips 2 Israel 2020 LLC ("**Baltimore 3**"), and Baltimore Flips Management 2020 LLC ("**Baltimore Management**") (collectively, "**Plaintiffs**"), as follows:

## I.     PRELIMINARY STATEMENT

    This case involves the all too common situation of failed investments involving planned "flips" (i.e. the purchase, renovation, and sale) of residential properties located in Baltimore, Maryland.  As many have painfully learned over the years, it is not easy to make a profit "flipping" houses in Baltimore – the COVID-19 pandemic only made an already existing problem worse. Unfortunately, both Plaintiffs and the Yosefs lost money on these investments, and now Plaintiffs refuse to accept those results.

In any event, this Court cannot, and should not, hear the merits of this dispute because there is a valid and binding forum selection clause applicable to Plaintiffs and all of the claims asserted against the Yosefs in this action.  Indeed, a Florida court already determined that the forum selection clause in the initial partnership agreement is valid, enforceable, and applicable to each of the Plaintiffs, which includes an express forum selection clause mandating Plaintiffs exclusively bring their claims against the Yosefs in a specific court located in Israel.  In sum, because a Florida court already held that the forum selection clause is valid, binding, and applicable to Plaintiffs, all of the claims against the Yosefs in this action are barred under the doctrine of collateral estoppel.

In addition, this Amended Complaint should be dismissed under Rule 12(b)(7) for failure to join a necessary party under Rule 19.  Here, in a futile effort to avoid the already upheld forum selection clause, Plaintiffs failed to name the real party in interest – Yosef 2019, LLC – and only named the individual members of the relevant entity as Defendants to this lawsuit.  However, the limited liability company operated by the Yosefs is a necessary and indispensable party because the Yosefs cannot be held individually liable for the actions of the limited liability company without piercing the corporate veil, and no parties can obtain complete relief without the key party to any alleged "fraud."  In other words, because the Yosefs' limited liability company signed the agreements that require Plaintiffs to raise their claims in Israel, the Yosefs' limited liability company cannot be joined in this case, making it impossible for all necessary parties to be before this Court.  In contrast, the court in Israel undeniably has express contractual jurisdiction over Plaintiffs and all other relevant and necessary parties.

Finally, as a matter of convenience, judicial economy, and frankly, common sense, the Tel Aviv District Court is in a better position to adjudicate this dispute regarding partnership agreements written in Hebrew and admittedly governed by Israeli law.  More importantly, prior to

the commencement of the present action, the Yosefs initiated an action against Plaintiffs in Tel Aviv District Court. The Tel Aviv District Court already determined that the forum selection clause requires the parties to bring their claims in Israel. Moreover, the Tel Aviv District Court possesses jurisdiction over all necessary parties, and Plaintiffs can bring the claims asserted against the Yosefs in this action through a counterclaim. Accordingly, the Yosefs respectfully request that the Court dismiss the Amended Complaint, just like the Florida court did, and allow the parties to proceed in Israel as required by the forum selection clause.

## II.    RELEVANT FACTUAL ALLEGATIONS[1]

1.    In 2019, the Yosefs formed Yosef 2019 LLC ("**Yosef 2019**"), a Maryland limited liability company of which they were members. Compl. ¶ 7.

2.    On or about February 24, 2020, Baltimore 1 signed a partnership agreement with Yosef 2019 involving the purchase and sale of properties in Baltimore, Maryland (the "**First Partnership Agreement**"), a true and correct copy of the original Hebrew and translated First Partnership Agreement is attached hereto as Exhibit A and incorporated herein by reference.[2] Compl. ¶¶ 28-30.

3.    In or about September 2020, Baltimore 2 signed a partnership agreement with Yosef 2019 involving the purchase and sale of properties in Baltimore City, Maryland (the

---

[1] The Yosefs cite to the facts alleged in the Amended Complaint solely for the purpose of this Memorandum in Support of Motion to Dismiss. The Yosefs expressly reserve the right to challenge, and indeed do vehemently deny, many of Plaintiffs' factual allegations.

[2] In evaluating the sufficiency of a Rule 12(b)(6) motion, a court may properly consider documents incorporated into the complaint or attached to the motion to dismiss "so long as they are integral to the complaint and authentic." *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (internal quotation marks omitted). Here, the First Partnership Agreement is integral to the Amended Complaint and authentic.

"**Second Partnership Agreement**"), a true and correct copy of the original Hebrew and translated Second Partnership Agreement is attached hereto as Exhibit B and incorporated herein by reference.[3]  Compl. ¶ 51.

4.      Paragraph 12 of the First and Second Partnership Agreements (collectively, the "**Partnership Agreements**") contains a forum selection clause (the "**Forum Selection Clause**"), which states: "[t]his Agreement shall be subject to the laws of the State of Israel, and will be interpreted accordingly.  **Unique and exclusive jurisdiction with respect to any matter related to this Agreement will vest exclusively in the Tel Aviv District Court, and no other court shall have jurisdiction**."  Exhibits A and B (emphasis added).

5.      In or about May 2020, Yosef 2019, Nofim, and Baltimore Management signed an Agreement to Invest in an American Limited Partnership (the "**Agreement to Invest**") involving the purchase and sale of properties in Baltimore, Maryland, a true and correct copy of the original Hebrew and translated Agreement to Invest is attached hereto as Exhibit C and incorporated herein by reference.[4]

6.      Paragraph 18 of the Agreement to Invest contains a forum selection clause that states: "[t]his Agreement is subject to the laws of the State of Israel, and it will be interpreted in accordance with them.  **The sole and exclusive jurisdiction with respect to any matter related**

---

[3] The Second Partnership Agreement is also "integral to the complaint and authentic."  *U.S. ex rel. Oberg*, 745 F.3d at 136 (internal quotation marks omitted).

[4] The Agreement to Invest is also "integral to the complaint and authentic."  *U.S. ex rel. Oberg*, 745 F.3d at 136 (internal quotation marks omitted).  The Agreement to Invest contains a typographical error in the introductory paragraph that lists Yosef 2019 as Yosef 2020 LLC.  However, the Hebrew version clearly shows that Yosef 2019 signed each and every page of the Agreement to Invest.

4

**to this Agreement shall vest exclusively in the District Court in Ramla, and no other court shall have jurisdiction**."  Exhibit C (emphasis added).

7.      Initially, on or about March 29, 2022, Plaintiffs filed suit against the Yosefs in the District Court in Tel Aviv, Israel ("**Tel Aviv District Court**").  Compl. ¶ 82.

8.      On or about May 3, 2023, Plaintiffs filed suit against the Yosefs in the Circuit Court for Volusia County, Florida (the "**Florida Action**"), a true and correct copy of the Florida court's order dismissing the Florida Action is attached hereto as Exhibit D and incorporated herein by reference.[5]

9.      In the Florida Action, Plaintiffs raised "five counts of conversion, five counts of constructive fraud, and five counts of breach of duty of loyalty" against the Yosefs as individuals and their Florida limited liability companies.  Exhibit D, p. 1.  Plaintiffs did not explain in the Amended Complaint why these limited liability companies are not parties to this action, but it is clear Plaintiffs omitted the companies because they knew the venue provision applies.

10.      The claims at issue in the Florida Action and in this action all arise out of a dispute over monies involving the purchase and sale of properties in Baltimore, Maryland stemming from the Partnership Agreements and the Agreement to Invest.  *See* Exhibit D, p. 1.

11.      On June 12, 2023, the Yosefs filed a motion to dismiss the Florida Action, arguing that the Forum Selection Clause in the Partnership Agreements controlled, and that the case must proceed in Tel Aviv District Court.  *See* Exhibit D, p. 1.

---

[5] A court may consider "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see* Fed. R. Evid. 201.  Courts may "properly take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  A court may "tak[e] judicial notice of records from a prior judicial proceeding, where, as here, there is no dispute regarding their accuracy." *Fallin v. ZeniMax Media Inc.*, No. 8:18-cv-02598-PWG, 2020 WL 1322945, at *2 n.4 (D. Md. Mar. 20, 2020).

12.     In the alternative, the Yosefs argued that, under the doctrine of forum non conveniens, the appropriate forum was Baltimore City, Maryland.  *See* Exhibit D, p. 2.

13.     On January 26, 2024, the Florida court granted the Yosefs' motion to dismiss, determining "that the [F]orum [S]election [C]lause of the Partnership [Agreement] is valid, enforceable, and controlling . . ."  Exhibit D, p. 4.

14.     In dicta, the Florida court reached the Yosefs' alternative forum non conveniens argument and stated "that Baltimore County, Maryland is a much better suited forum than Volusia County, Florida."  *See* Exhibit B, p. 5.

15.     On November 27, 2023, the Yosefs and Yosef 2019 filed suit against Plaintiffs in Tel Aviv District Court (the "**Tel Aviv Action**").  Compl. ¶ 82.

16.     In the Tel Aviv Action, Plaintiffs petitioned to suspend the Israeli proceedings so that the present action could proceed in the United States (the "**Petition**"), a true and correct copy of the original Hebrew and translated ruling denying the Petition is attached hereto as Exhibit E and incorporated herein by reference.[6]

17.     The Tel Aviv court recently denied the Petition, explaining that (1) Plaintiffs initiated a proceeding in the United States after the commencement of the Tel Aviv Action; (2) the claims were based on three partnership agreements that provided the Israeli court with sole jurisdiction; and (3) Plaintiffs failed to demonstrate special circumstances that would justify the avoidance of the Israeli's court's sole jurisdiction.  *See* Exhibit E.

---

[6] A court may "tak[e] judicial notice of records from a prior judicial proceeding, where, as here, there is no dispute regarding their accuracy."  *Fallin*, 2020 WL 1322945, at *2 n.4.

18.    Specifically, the Tel Aviv court rejected Plaintiffs' argument that special circumstances existed because of "the presence in the United States of documents and witnesses relating to the assets subject of the action."  Exhibit E.

19.    The Tel Aviv Action remains pending as to Plaintiffs, the Yosefs, and Yosef 2019, and is continuing on track in the ordinary course.  Indeed, recently, in the Tel Aviv Action, the court flatly rejected Plaintiffs' arguments that the present action should proceed in favor of the Tel Aviv Action, and scheduled a preliminary hearing for September 15, 2024.  *See* Exhibit E.

20.    The Amended Complaint in the present action raises claims for fraud, conspiracy, and Racketeer Influenced and Corrupt Organization Act ("**RICO**") violations against the Yosefs, Salazar Law P.C., and Yosef Chaim Salazar (collectively, the "**Salazar Defendants**") and gross negligence and breach of fiduciary duty against the Salazar Defendants.  Compl. ¶¶ 83-164.

21.    As in the Florida Action, Plaintiffs' claims against the Yosefs arise out of the Partnership Agreements and the Agreement to Invest.  *See* Compl. ¶¶ 83-152.

### III.    LEGAL STANDARDS

Under F.R.C.P. 8(a)(2), a pleading must contain a "short and plain statement for the claim showing that the pleader is entitled to relief."  Fed R. Civ. P. 8(a).  A complaint must be dismissed if it fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 544 (2007).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The "[f]actual allegations must be enough to

7

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*

"Affirmative defenses, like collateral estoppel, may be properly raised through a motion to dismiss under Rule 12(b)(6) if the affirmative defense appears on the face of the complaint, or in documents properly attached to the complaint of which the court may take judicial notice." *White v. Wells Fargo Financial, Inc.*, 664 F. Supp. 2d 537, 541 (4th Cir. 2009); *see Baker v. Raimondo*, No. 1:20-cv-1367, 2021 WL 1381560, at *1-2 (E.D. Va. Mar. 30, 2021) (granting motion to dismiss based on collateral estoppel).

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). The district court conducts "a two-step inquiry" under Rule 19. *McKiver v. Murphy-Brown LLC*, 980 F.3d 937, 950 (4th Cir. 2020) (internal quotation marks omitted). "[The Court] ask[s] first whether the nonjoined party is necessary under Rule 19(a) and then whether the party is indispensable under Rule 19(b)." *Id.* (internal quotation marks omitted).

Rule 19(a) defines a "necessary" party. A party is necessary if:

(A) in that person's absence the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

4873-9916-0023, v. 2

"If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19(b) includes a list of factors for the court to consider in deciding whether a party is indispensable. *Id.* Those factors include:

> (1) the extent to which the judgment rendered in the person's absence might prejudice that person or the existing parties;

> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;

> (3) whether a judgment rendered in the person's absence would be adequate; and

> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

"Dismissal . . . is required if the nonjoined party is both necessary and indispensable. That determination must be made pragmatically, in the context of the substance of each case, rather than by procedural formula." *Gunvor SA v. Kayablian*, 948 F.3d 214, 219 (4th Cir. 2020) (cleaned up). The defendant bears the burden of showing failure to join a necessary party. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

## IV.    ARGUMENT

### I.    <u>Plaintiffs' Claims against the Yosefs are Barred by Collateral Estoppel</u>

Because a Florida court already determined that the Forum Selection Clause "is valid, enforceable, and controlling" as to Plaintiffs' claims against the Yosefs, the doctrine of collateral estoppel bars Plaintiffs from raising their claims against the Yosefs in federal court. Exhibit D, p. 4.

"Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand & Gravel, Inc. v. Wilson*, 519

F.3d 156, 162 (4th Cir. 2008); *see Middleton v. Koushall*, No. ELH-20-3536, 2024 WL 1967816, at *10 (D. Md. May 3, 2024) ("[I]n determining the preclusive effect of a state-court judgment, the federal courts must, as matter of full faith and credit, apply the forum state's law of collateral estoppel.") (cleaned up).

Under Florida law, collateral estoppel consists of the following elements:

(1) the identical issue was presented in a prior proceeding; (2) the issue was a critical and necessary part of the prior determination; (3) there was a full and fair opportunity to litigate the issue; (4) the parties to the prior action were identical to the parties of the current proceeding; and (5) the issue was actually litigated.

*Fernandez v. Cruz*, 341 So. 3d 410, 413 (Fla. 3d DCA 2022) (citation omitted).

A.    **The Enforceability of the Forum Selection Clause against the Yosefs was Already Presented in Florida**

"The issues in the two proceedings will be considered identical for the purpose of collateral estoppel where they turn on the same legal question." *In re Howard Ave. Station, LLC*, No. 8:20-cv-2780-CEH, 2022 WL 4377506, at *10 (M.D. Fla. Sept. 22, 2022).  Here, the issues in the Florida Action and the present action both turn on the same legal question.  Specifically, whether the Forum Selection Clause in the Partnership Agreements binds Plaintiffs and the Yosefs, as non-signatories.

In Florida, forum selection clauses will be enforced against non-signatories where "there is a close relationship between the signatory and nonsignatories; the nonsignatories' interests are derivative of the signatory's interests; and the claims involving the nonsignatories arise directly out of the agreement." *Venus Concept USA, Inc. v. Angelic Body, LLC*, 362 So. 3d 258, 264 (Fla. 2d DCA 2023).  In federal court,[7] non-parties may be bound to a forum-selection clause if the non-

---

[7] "When faced with a forum selection clause, federal courts must first determine which law governs the enforceability and applicability of the clause.  If the underlying action is based on federal question jurisdiction, federal law applies." *Varsity Gold, Inc. v. Lunenfeld*, No. CCB-08-550, 2008

party is "so closely related" to the dispute such that it is "foreseeable" that it will be bound." *Allianz Ins. Co. of Canada v. Cho Yang Shipping Co., Ltd.*, 131 F. Supp. 2d 787, 791 (E.D. Va. 2000); *see also Lantz v. Roy's R.V. Supercenter, LLC*, No. 2:21-CV-11, 2022 WL 2762712, at *10 (N.D. W. Va.) ("[F]ederal courts have held that a forum selection clause may bind non-parties to a contract if the relationship between the non-party and the signatory is sufficiently close, and enforcement is foreseeable by virtue of the relationship between the signatory and the party sought to be bound." (cleaned up)).

Here, both proceedings undoubtedly turn on the enforceability of the Forum Selection Clause in the Partnership Agreements. Under both Florida law and federal law, forum selection clauses will be enforced against non-signatories where there is a close relationship between the signatory and the non-signatory. *See Venus Concept USA*, 362 So. 3d at 264; *Allianz Ins. Co. of Canada*, 131 F. Supp. 2d at 791.

Because both proceedings turn on the same legal question, the identical issue is presented in both proceedings. Indeed, the mandate that Plaintiffs are bound by the Forum Selection Clause is much more straightforward than the Florida court's analysis of non-signatories. In short, the Florida court undoubtedly held that the Forum Selection Clause is valid and enforceable, as a matter of law; thus, of course, Plaintiffs are bound by the provision, and must litigate in Israel, as agreed.

---

WL 5243517, at *3 (D. Md. Dec. 12, 2008) (citations omitted). Here, the underlying action is based on federal question jurisdiction. Therefore, federal law governs the enforceability of the Forum Selection Clause. However, even if the Court determined that Maryland law governed the enforceability of the Forum Selection Clause, the Forum Selection Clause would still be enforceable. "Courts throughout the United States have held that a non-signatory to a contract may nonetheless be bound by that contract's forum-selection clause if the non-signatory is so 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Peterson v. Evapco, Inc.*, 238 Md. App 1, 33 (2018) (internal quotation marks omitted) (applying closely related doctrine and holding that forum-selection clause was enforceable as to non-signatories).

4873-9916-0023, v. 2

**B.    The Enforceability of the Forum Selection Clause against the Yosefs was a Critical and Necessary Part of the Prior Determination**

"An issue is a critical and necessary part of the proceeding where its determination is essential to the ultimate decision." *Provident Life and Accident Ins. Co. v. Genovese*, 138 So. 3d 474, 479 (Fla. 4th DCA 2014). Here, the viability of the Forum Selection Clause is not only "critical and necessary," but dispositive.

In the Florida Action, the court adopted the Yosefs' argument that the Forum Selection Clause controls and that the case must be heard in Israel. *See* Exhibit B, p. 2. In the alternative, the Yosefs argued that, under the doctrine of forum non conveniens, the appropriate forum is Baltimore, Maryland. *See* Opinion, p. 2. Although the court determined that the Forum Selection Clause in the Partnership Agreements "is valid, enforceable, and controlling," Exhibit D, p. 4, in dicta, the court reached the Yosefs' alternative argument and determined that "Baltimore County, Maryland is a much better suited forum than Volusia County, Florida," Exhibit D, p. 5.

"When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. Of Texas*, 134 S.Ct. 568, 582 (2013). Because the parties agreed to the Forum Selection Clause, they waived the right to challenge the preselected forum as inconvenient. Thus, the court's determination that Baltimore, Maryland is a more convenient forum than Volusia County, Florida is merely dicta and is not essential to the decision. *See* Exhibit B, p. 4.

In other words, if the Forum Selection Clause is valid and binding, Plaintiffs cannot utilize the doctrine of forum non conveniens to avoid the agreed upon forum, as a matter of law. Apparently, the Florida court decided the forum non conveniens issue to cover the contingency of

12

a possible reversal on the enforcement of the Forum Selection Clause. Plaintiffs did not appeal the enforcement of the Forum Selection Clause, so the point is now moot.

In sum, there can be no doubt the Florida court's determination that the Forum Selection Clause is enforceable and controlling is not only essential to the court's ultimate decision, but is indeed dispositive. *See TECO Barge Line, Inc. v. Hagan*, 15 So. 3d 863, 864 n.2 (Fla. 2d DCA 2009) (declining to "reach any issues pertaining to forum non conveniens" where "the forum selection clause is a mandatory clause that requires [Plaintiff] to bring this action in either of two particular forums outside of Florida"); *see also Club Med Brasil, S.A. v. Sicurella*, 921 So. 2d 49, 50 (Fla. 3d DCA 2006) ("Because the forum selection clause . . . provides that suits . . . must be brought in a court in Miami and in no other court, the plaintiff would not be able to sue Club Med Sales, Inc. in Brazil, or any other location, so there can be no more convenient forum than Miami.").

### C.    There was a Full and Fair Opportunity to Litigate this Issue in Florida

Plaintiffs were each parties to the Florida Action. In the Florida Action, the Yosefs filed a motion to dismiss based on the Forum Selection Clause, Plaintiffs opposed said motion, and after oral argument, the court granted the motion. *See* Exhibit B, p. 1-2. Therefore, Plaintiffs undoubtedly had a full and fair opportunity to litigate the issue in Florida.

### D.    The Parties to the Florida Action were Identical to the Parties in the Present Litigation

"[I]n Florida, identity and mutuality of parties—that both parties be identical and be mutually bound by the prior judgment–must be established for collateral estoppel to apply." *United Auto. Insur. Co. v. Millennium Radiology, LLC*, 337 So. 3d 834, 837 (Fla. 3d DCA 2022) (internal quotation marks omitted). In the Florida Action, the same Plaintiffs filed suit against the Yosefs. Therefore, as to the claims asserted against the Yosefs, the parties in the Florida Action

13

are identical to the parties in this action.  Further, both Plaintiffs and the Yosefs are mutually bound by the prior judgment, which is now final and unappealable.

      E.      **The Enforceability of the Forum Selection Clause against the Yosefs was Actually Litigated.**

Under Florida law, "[w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this doctrine." *Fernandez*, 341 So. 3d at 415 (cleaned up).  In the Florida Action, the court determined that the Forum Selection Clause "is valid, enforceable, and controlling . . ." Exhibit D, p. 4.  Thus, the enforceability of the Forum Selection Clause was actually litigated, and the Yosefs can establish the fifth element of collateral estoppel.  Accordingly, Plaintiffs' claims against the Yosefs are barred by collateral estoppel, and this Court should dismiss Plaintiffs' claims against the Yosefs.

      II.      <u>**Plaintiffs' Arguments that the Florida Court's Ruling is Inapposite Here Fail as a Matter of Fact and Law**</u>

Plaintiffs' Amended Complaint argues that the Florida court's ruling that the Forum Selection Clause is enforceable against the Yosefs "is inapposite here where only tort claims are being asserted, where the defendants are the individual Yosef Brothers and the Salazar Defendants, and where [P]laintiffs are asserting that the partnership agreement is voidable as a result of the fraud and intentional misconduct of its signatories (the Yosef Brothers)." Compl. ¶ 15.  Plaintiffs are simply wrong.

As an initial matter, in the Florida Action, Plaintiffs raised "five counts of conversion, five counts of constructive fraud, and five counts of breach of duty of loyalty."  Exhibit D, p. 1.  Here, Plaintiffs raise five counts of fraud, five counts of conspiracy, and two counts of RICO violations against the Yosefs.  Compl. ¶¶ 83-152.  In the Florida Action, Plaintiffs brought claims against the

Yosefs as individuals and the Florida limited liability companies controlled by the Yosefs. Thus, Plaintiffs raised tort claims against the Yosefs as individuals in both actions. "[C]ourts in this circuit have consistently found facially contractual forum selection clauses to apply to related tort claims." *Varsity Gold, Inc.*, 2008 WL 5243517, at *3; *see Venus Concept USA*, 362 So. 3d at 262-65 (dismissing tort and contract claims based on forum selection clause). Accordingly, this Court should disregard Plaintiff's attempt to distinguish the cases by asserting that the Florida ruling is inapposite here where only tort claims are being asserted against the Yosefs as individuals.

Next, under federal law, the fraud exception for a forum selection clause's enforceability "does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud . . . the clause is unenforceable." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974). Instead, as with arbitration provisions,[8] "[a] forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was [itself] the product of fraud or coercion." *Id*; *see Albemarle Corp. v. Astra Zeneca UK Ltd.*, 628 F.3d 643, 661 (4th Cir. 2010) ("[A] forum selection clause may be found unreasonable if . . . its formation was induced by fraud . . .") (brackets omitted).

Here, Plaintiffs do not contend the Yosefs defrauded them into agreeing to jurisdiction in Israel, but rather Plaintiffs assert that the entire partnership agreement is voidable as a result of the Yosefs' fraud and misconduct. Compl. ¶ 15. Plaintiffs, however, do not allege that the inclusion of the Forum Selection Clause specifically was the product of fraud or coercion. Therefore,

---

[8] "An agreement to arbitrate . . . is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute." *Scherk*, 417 U.S. at 519 (holding that arbitration provision is enforceable where dispute arising out of transaction is based upon an allegation of fraud).

Plaintiffs' claim that the entire partnership agreement is voidable as a result of fraud has no legal impact whatsoever on the enforceability of the Forum Selection Clause.

**III.**  **The Court Should Dismiss the Amended Complaint for Failure to Join an Indispensable Party**

Although Plaintiffs assert claims against the Yosefs as individuals, in a futile effort to avoid the Forum Selection Clause, Plaintiffs' allegations stem from the Partnership Agreements and the Agreement to Invest signed by Plaintiffs and Yosef 2019.  Compl., ¶¶ 28, 30-31, 85, 90, 95, 100, 105.  Under Maryland law, Plaintiffs cannot hold the Yosefs personally liable for the actions of Yosef 2019 without piercing the corporate veil or otherwise obtain complete recovery without the party to the underlying agreements.  Therefore, Yosef 2019 is a necessary and indispensable party to this action.

Section 4A-301 of the Corporations and Association Article in Maryland states, "[e]xcept as otherwise provided by this title, no member shall be personally liable for the obligations of the limited liability company, whether arising in contract, tort or otherwise, solely by reason of being a member of the limited liability company."  Md. Code Corp. & Ass'ns § 4A-301.  In "case[s] in which a party seeks to hold the members of a limited liability company personally responsible for the alleged improper actions of the limited liability company," Maryland courts apply "case law which interprets the conditions and circumstances under which stockholders of a corporation are held liable . . ."  *Serio v. Baystate Props., LLC*, 209 Md. App. 545, 559 (2013).

Maryland "law has recognized the availability of an action to disregard a limited liability entity congruent with the equitable remedy of piercing the corporate veil."  *Id.* at 558-59.  One method of piercing the corporate veil is "referred to as the alter ego doctrine."  *Id.* at 563 (internal quotation marks omitted).  Under the alter ego doctrine, courts consider "whether the corporation was adequately capitalized, the company's solvency when entering the transaction, the observance

16

of corporate formalities and evidence that the corporation had no separate mind, will or existence of its own." *Id.* at 563-64 (internal quotation mark omitted).

Here, although Plaintiffs do not explicitly attempt to pierce the corporate veil, Plaintiffs allege that "the Yosef Brothers were the alter ego of Yosef 2019 LLC, and, through it, acted in their own interest.  The Yosef Brothers dominated and controlled Yosef 2019 LLC."  Compl. ¶ 8. Plaintiffs further allege "that Yosef 2019 LLC commingled funds with the Yosef Brothers, failed to observe corporate formalities and was undercapitalized to such an extent that it effectively had no independent existence."  Compl. ¶ 8.  These allegations are quintessential conclusory "veil piercing" buzz words.  Therefore, in essence, Plaintiffs seek to pierce the corporate veil of Yosef 2019 without naming Yosef 2019 as a party or directly raising such a claim.  Because Plaintiffs' attempt to hold the Yosefs personally liable for the actions of Yosef 2019, Yosef 2019 is a necessary and indispensable party under Rule 19, and this Court should dismiss the Amended Complaint under Rule 12(b)(7).

To determine whether the Court should dismiss a complaint under Rule 12(b)(7), "[the Court] ask[s] first whether the nonjoined party is necessary under Rule 19(a) and then whether the party is indispensable under Rule 19(b)."  *McKiver*, 980 F.3d at 950 (internal quotation marks omitted).  A party is "necessary" under Rule 19(a) "if in that person's absence the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a).

Here, Yosef 2019 is clearly a necessary party because in its absence, the court cannot accord complete relief among the existing parties.  *See In re Transcolor Corp.*, 296 B.R. 343, 365 (Bankr. D. Md. 2003) ("In Maryland, piercing the corporate veil is essentially a cause of action against the corporation and its alter egos . . .").  Plaintiffs seek to pierce the corporate veil under an alter ego theory; however, the factors a court considers when determining whether to pierce the

corporate veil involve facts relating to the limited liability company itself.  These factors include "whether the corporation was adequately capitalized, the company's solvency when entering the transaction, the observance of corporate formalities, and evidence that the corporation had no separate mind, will or existence of its own." *Serio*, 209 Md. App. at 563-64 (internal quotation marks omitted).  Because these factors directly implicate Yosef 2019, the Court cannot accord complete relief amongst the existing parties in its absence.  Therefore, Yosef 2019 is a necessary party under Rule 19(a).[9]

Next, the Court considers the following factors in deciding whether Yosef 2019 is indispensable under Rule 19(b):

(1) the extent to which the judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:
    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Here, the factors weigh in favor of determining that Yosef 2019 is an indispensable party.  First, a judgment rendered in Yosef 2019's absence would prejudice both Yosef 2019 and the Yosefs because the claims affect both the Yosefs as individuals and Yosef 2019.  Further, prejudice could not be lessened or avoided by protective provisions in the judgment because the claims necessarily involve both the Yosefs and Yosef 2019.  *See In re Transcolor Corp.*, 296

---

[9] Although it is a necessary party, Yosef 2019 cannot be joined in the action because it is subject to the Forum Selection Clause in the Partnership Agreements.  *See* Exhibits A and B.

B.R. 343, 365 (Bankr. D. Md. 2003) ("Every case [attempting to pierce the corporate veil] involved the action of an aggrieved party suing the corporation and its officers, directors or stockholders."). Also, a judgment rendered in Yosef 2019's absence would not be adequate because Yosef 2019 would not have had an opportunity to defend itself or represent its own interests. Finally, Plaintiffs would have an adequate remedy if the action were dismissed for nonjoinder because they could bring the action in Israel – as required by the Forum Selection Clause in the Partnership Agreements.

Moreover, in Israel, the court has jurisdiction over all necessary and essential parties, as the Plaintiffs, the Yosefs, and Yosef 2019 have already submitted themselves to the jurisdiction of the Tel Aviv District Court. *See* Exhibit E. In fact, the Tel Aviv District Court recently denied Plaintiffs' Petition to suspend the Israeli proceedings pending the present action. *See* Exhibit E.

In denying the Petition, the Israeli court highlighted the following undisputed facts: (1) Plaintiffs initiated the present action after the Yosefs filed suit in the Tel Aviv District Court, (2) the broad Forum Selection Clause requires Plaintiffs' claims "related" to the Partnership Agreements and the Agreement to Invest to be brought **exclusively** in Israel, and (3) the present action in this Court does not present "special circumstances" sufficient to contradict the forum selection clauses. *See* Exhibit E. Accordingly, as both the Florida court and the Tel Aviv District Court determined, Plaintiffs' claims must be adjudicated in Israel – and only in Israel.

Finally, the court in Israel would be in a dramatically better position to interpret Israeli law, which governs the dispute under the Partnership Agreements and the Agreement to Invest, and the court would be able to read the original Partnership Agreements, the Agreement to Invest, and other relevant documents, which were written in Hebrew. *See* Exhibits A-C. Accordingly, Yosef 2019 is a necessary and indispensable party, and this Court should dismiss the Amended

Complaint under Rule 12(b)(7). *See Gunvor SA*, 948 F.3d at 219 ("Dismissal . . . is required if the nonjoined party is both necessary and indispensable." (cleaned up)).

## V.     CONCLUSION

For the foregoing reasons, the Yosefs respectfully request that this Court dismiss Plaintiffs' claims against the Yosefs.

Date: August 14, 2024

Respectfully submitted,

        /s/
Elchanan "Elliott" Engel (# 28299)
Brian M. Boyle (# 28242)
**BERMAN, BOYLE & ENGEL LLC**
1777 Reisterstown Road, Suite 265
Baltimore, Maryland 21208
410-855-4740
ee@bbelaw.com
bmb@bbelaw.com

*Attorneys for Defendants Chananel and Avi Yosef*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of August 2024, a copy of the foregoing was electronically served and is available for download via the ECF system.

/s/
Elchanan "Elliott" Engel

4873-9916-0023, v. 2